THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JANE FLETCHER, PLAINTIFF IN ERROR.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"We think it was proper to allow Dr. Ill to use his hospital history to refresh his recollection. Although it was dictated by him to another and not transcribed in his presence, he identified it as a transcription of the notes he dictated at the time. We think he might well do so; and no more proof was necessary to justify its use.

"The evidence warranted the statement of the prosecutor that Dr. Ballentine became convinced that a criminal opera-

tion had been performed. The statement that the doctor made an examination perhaps was inaccurate, dependent on the sense in which the word 'examination' was used; but it was harmless.

"The cross-examination of the defendant as to her acquaintance with Dr. Muttart was permissible. She testified on direct examination that her patient told her she had come from a doctor in New York. On cross-examination she said the girl gave her the name of Dr. Muttart. Her knowledge of the doctor might throw light on the probability that she would perform an abortion on a girl who claimed to have been sent by Dr. Muttart.

"It was permissible to use the speculum offered in evidence to illustrate the kind of an instrument which the girl said the defendant had used.

"The defendant was not injured by the charge that 'the fact that this young woman had a previous miscarriage or visited someone else is not finally to affect your minds in determining this defendant's guilt. If she had ninety-nine other operations, and somebody else had gone free, that is not the question.' We infer that the judge was trying to warn the jury not to convict the defendant because they thought someone ought to be punished. It seems to be intended as a warning in favor of the defendant.

"We think it was permissible to ask the defendant if she couldn't give the girl something to alleviate the pain. The defendant had testified that the girl had come to her suffering pains of pregnancy and wanting her to perform an abortion; that she had refused to do so, and offered to do nothing to alleviate the pain. The questions bore upon the probability of defendant's testimony, since the prosecutor might well argue that the natural instinct of humanity would lead the defendant to alleviate the pains if she was unwilling to perform the abortion.

"Part of the prosecutor's examination of the complaining witness was leading, but we cannot say there was any legal error or abuse of discretion.

"The judgment must be affirmed."

State v. Stanford.                    *90 N. J. L.*

For the plaintiff in error, *Hamill & Cain.*

For the defendant in error, *Robert S. Hudspeth,* prosecutor of the pleas.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   11.

*For reversal*—None.